Crouch v. Colbert.

---

## CROUCH, Respondent, v. COLBERT, Appellant.

St. Louis Court of Appeals, January 24, 1905.

1. POSSESSION OF LAND: Actual and Constructive Possession. One cannot be in constructive possession, and another in actual possession, of the same piece of land at the same time.

2. APPELLATE PRACTICE: Weight of Evidence. Although a verdict may appear to the appellate court to be against the weight of evidence, if there is substantial evidence to support it, the verdict will be allowed to stand.

Appeal from Lincoln Circuit Court.—*Hon. Houston W. Johnson,* Judge.

AFFIRMED.

*Norton, Avery & Young* for appellant.

*E. B. Woolfolk* and *W. A. Dudley* for respondent.

BLAND, P. J.—Plaintiff and defendant owned and occupied adjoining tracts of land in Lincoln county, Missouri. Plaintiff's land lies east of defendants. Between the tracts there is a neighborhood road which has been in use for a great number of years. Formerly, plaintiff maintained a fence on the east side of the road, and defendant one on the west side. These fences have been removed for several years, but the road is still in use. A good many years ago a ditch was dug along the west side of the road and close to the west fence which answered the double purpose of draining the road and defendant's farm. After the removal of the fence, the evidence shows that defendant cultivated the land close up to this ditch. Some two or three years before the commencement of this suit, plaintiff had his farm surveyed. The survey showed that his west line was about eighteen inches west of the ditch. Plaintiff claimed to own the land as located by the survey and, in August, 1903, set twenty-five fence posts just west of the ditch, but within the line as located by the survey. Defendant was not at home on the day the posts were set, and his wife, acting for him, went upon the premises and notified plaintiff that defendant claimed the land and warned him not to set the posts. After this, defendant notified plaintiff to remove the posts but he refused to do so and, on August 31, 1903, defendant cut the posts down. Plaintiff brought suit in trespass against the defendant before a justice of the peace, claiming treble damages. Defendant admitted that he cut the posts down, admitted their value as alleged, but set up title to the land in himself. On this state of the pleadings, the justice certified the case (as required by statute) to the circuit court. On the trial in the circuit court, a verdict for twenty dollars was rendered for plaintiff; the court, however, refused to treble the damages. After an unavailing motion for new trial, defendant appealed.

Plaintiff introduced in evidence the plat book of Lincoln county, properly certified by the register of

lands, which showed that prior to April 8, 1858, the title had passed from the government to one Robert Green. Plaintiff followed this by offering and reading in evidence divers deeds to trace the title down to himself. Objections to a number of these deeds were made by defendant which were overruled and exceptions saved. Plaintiff testified that he had been in possession of the land and had claimed to own it for over twenty years. There was no evidence to the contrary. In view of these facts, we deem it unnecessary to notice the objections that were made to the introduction of the deeds as evidence, as the uncontradicted evidence showed that the government had parted with title to the land prior to 1858, and that plaintiff had been in possession of it for over twenty years, claiming it as his own under color of title. This was sufficient to show, in a case of this character, that plaintiff was the owner of the land upon which he resided and to which he claimed title. Plaintiff's evidence also shows that he always claimed to own the land to the fence on the west side of the road and that the ditch was dug along the outside of the fence with his permission and had been maintained there by his consent and, further, that the posts were not set west of where the fence had been.

Defendant's evidence shows that plaintiff never claimed to own any land west of his own fence on the east side of the road and that the ditch had been kept open for many years by defendant and the former owners and occupiers of the land through whom he derived title. The evidence also shows that after defendant removed his fence, he cleared out the briers and brush that had grown up in the fence corners and had, for the past four or five years, cultivated the land close up to the ditch, within about two plow furrows. Both parties testified they were in possession of that part of the land on which the posts were set. Under the evidence, the case hinges on the actual possession of that particular part of the land where the posts were set. Plaintiff, according to

the survey, owned the land and, as owner, was in the constructive possession of it, unless the defendant was in actual possession of it, as one cannot be in constructive possession and another in actual possession of the same piece of land at the same time. The court so instructed the jury. We think the court properly instructed the jury as to the law of the case. As we have said, the case turns on the actual possession of the land. The jury must have found that plaintiff was in possession, as their verdict was for him. This finding appears to us to be against the preponderance of the evidence; but there is substantial evidence in support of the verdict, and it is outside our province to weigh the evidence or to set aside a verdict that is supported by substantial evidence. It follows that the judgment must be affirmed, and it is so ordered. All concur.